## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SHELDON GORDON,** | : | **Case No. 1:05CV2726** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | **ORDER** |
| **DAVID DADANTE, *et al.*,** | : | **(issued under seal pursuant** |
| | : | **to Court's prior sealing order)** |
| **Defendants.** | : | |

Upon the Motion of Plaintiff, Sheldon Gordon, for a Receiver, this Court conducted a second hearing on November 30, 2005. Upon the representations made in the Plaintiff's Verified Complaint, the Motion for Receiver, the statements of counsel for the parties and the report made by Mark E. Dottore, who was appointed the Receiver with limited authority and duties under a previous order of this Court, dated November 23, 2005, (the "November 23, 2005, Order"), this Court **FINDS** that it is in the best interest of all parties to this action that Mark E. Dottore continue as Receiver in accordance with the terms of this Order, which amends the Court's prior order of November 23, 2005. Defendant David A. Dadante and the stakeholder Defendants who have entered an appearance in this matter agree that it is in the best interests of the parties that a receiver continue in place and that Mark E. Dottore continue as Receiver, at least for a limited period of time. Those Defendants agree, moreover, that the Receiver's authority should be expanded in the manner set forth in this Order.

**NOW THEREFORE IT IS ORDERED** that Mark E. Dottore shall continue as the Receiver under the terms of the November 23, 2005, Order. It is **FURTHER ORDERED** that his duties shall be expanded as follows:

1.      The Receiver shall take possession and control of all assets, of any kind, of IPOF L.P. ("IPOF"), IPOF II, L.P, ("IPOF II") GSI and/or GSGI (collectively, the "Fund") and shall administer such assets with the same rights and powers as a general partner in a limited partnership pursuant to Ohio Revised Code Chapter 1782 *Limited Partnerships* and otherwise under the laws of the State of Ohio;

2.      The Receiver is hereby authorized to hire an accountant, and qualified and competent securities advisors, including a securities investment advisor and a securities attorney, as the Receiver deems necessary to carry out his duties.  The selection of these advisors is subject to the approval of the Court;

3.      Defendant, David Dadante, shall produce to the Receiver on an expedited basis copies of his personal financial information, the financial information of his immediate family members (including any data regarding trusts established in the names, or for the benefit of, any or all such family members) and the financial information of entities in which he holds an ownership interest, or over which he exercises control, pertaining to the periods at issue in the Verified Complaint, including, but not limited to,

(i)      all checking and savings account check registers and bank statements (including cancelled checks),

(ii)     all brokerage statements,

(iii)    all tax returns,

(iv)     a copy of all information carried on computer programs upon which Defendant Dadante and/or his family members, business or trust advisors keep books and records, such as Quicken, Microsoft Money,

2

or the like,

(v)      all retirement account statements,

(vi)      all records which show any amount of money received or expended or

disbursed by Defendant Dadante for any reason,

(vi)      all loan applications made by him,

(vii)      all records which show the transfer of any funds from IPOF, IPOF II

and or the Fund to Defendant Dadante, his family members, any

family-related trusts, any entity or business with which DaDante is

affiliated and/or to anyone employed by, affiliated with, or a

shareholder of, Innotrac Corp.

(viii)      lists or evidence of any investment-type coins owned or purchased or

sold by him, and

(ix)      all policies of property and casualty insurance.

Defendant, David Dadante, shall produce such records to the Receiver no later than

4:00 p.m. on Friday, December 2, 2005, except as explained in paragraph 4 below,

the Receiver may not share this information with anyone other than assistants or

professionals employed or retained by him pursuant to this Court's orders, law

enforcement agencies and this Court; and

4.      Upon the request of any party's counsel, the Receiver shall, at the expense of the

requesting party, provide the requesting party's counsel with copies of all documents

he receives from David DaDante, which documents shall be provided by the Receiver

subject to an appropriate protective order prepared by the parties and approved by the

3

Court. Unless otherwise approved by the Court, counsel may share these documents

(and the information contained therein) only with the parties to this litigation, subject

to their written agreement to maintain the confidentiality of the documents.

**IT IS FURTHER ORDERED** that Paragraph 8 of the November 23, 2005 Order shall be

modified and supplemented with the following language:

> Stakeholding Defendant brokerages, Ferris Baker Watts, Inc.,
> Wachovia Securities, L.L.C., H & R Block Financial Advisors, Inc.,
> Pershing, L.L.C. and Advest, Inc. and/or The Advest Group, Inc.
> ("collectively the "Brokerage Defendants"), shall not, on or before the
> close of business on **Thursday, December 8, 2005**, liquidate any
> asset of IPOF, IPOF Fund, IPOF II, L.P, GSI , GSGI, David Dadante
> or the David Dadante Revocable Trust or any other business entity
> owned by, or affiliated with, David Dadante. Should it become
> necessary for any of the Brokerage Defendants to exercise any rights
> it might have to protect the value of the collateral underlying its
> margin loan(s) to IPOF, IPOF Fund, IPOF II, L.P, GSI , GSGI, David
> Dadante, the David Dadante Revocable Trust or any other DaDante-
> related entity, including the liquidation of assets in these entities'
> brokerage accounts, such Brokerage Defendant shall apply
> immediately to the Court and the Receiver for permission to so act.

**IT IS FURTHER ORDERED** that the Receiver shall not be liable to any person, corporation

or entity – especially the Fund, or any limited partner thereto – except for said Receiver's own breach

of trust committed in knowing bad faith or for willful misconduct. Nor shall the Receiver be liable

for any act or omission of any attorney, advisor, officer, agent, employee, consultant, or other

representative of the Receiver (hereinafter "Receiver's Agents"). Likewise, any of the Receivers

Agents shall not be liable to any person, corporation or entity – especially the Fund, or any limited

partner thereto – for conduct in connection with their provision of professional services to the

Receiver.

4

Accordingly, except for a breach of trust committed in knowing bad faith or *via* willful misconduct, all persons, corporations and entities – and especially the parties in this case, the limited partners of the Fund and their respective attorneys, servants, agents, employees – hereby are, jointly and severally, **ENJOINED** and **STAYED**, absent express written permission from the Court (which may be obtained only upon written request to the Court outlining the nature of the alleged breach of trust in knowing bad faith or willful misconduct), from commencing any action at law or suit or proceeding in equity in any Court or to prosecute any claim, or to execute or issue or cause the execution or issuance out of any Court of any writ, process, summons, attachment or subpoena, against:

- Mark E. Dottore as an individual;

- Mark E. Dottore as the Receiver;

- any entity in which Mark E. Dottore holds an ownership interest; and

- any attorney, advisor, officer, agent, employee, consultant, or other representative retained or employed by the Receiver.

The Receiver and professionals which he selects under the supervision of this Court shall be paid from the proceeds collected, from, or on behalf of, the Fund on a first position priority basis. All others to claim thereafter shall be addressed under the supervision of this Court.

**IT IS FURTHER ORDERED** that the Fund shall indemnify and defend the Receiver and the Receiver's Agents to the fullest extent of the applicable law. If the Receiver or any of the Receiver's Agents is made a party, or is threatened to be made a party, to any completed, pending, or threatened action, suit or proceeding of any kind, whether civil, administrative or arbitrative, he (or they) shall be indemnified and defended by the Fund against expenses, costs, and fees (including

5

reasonable attorney's fees), judgments, awards, costs, amounts paid in settlement, and liabilities of all kinds.

Reasonable expenses, costs, and fees (including reasonable attorney's fees) incurred by or on behalf of the Receiver or any of the Receiver's Agents in connection with any action, suit, or proceeding, whether civil, administrative, or arbitrative, will be paid by the Fund in advance of any final disposition of the proceeds of the Fund or non-first-party-position (as previously provided) claim against the Fund.

The Receiver may, if he deems it necessary to do so, purchase and maintain reasonable amounts and types of insurance on behalf of himself or any attorney, advisor, officer, agent, employee, consultant, or other representative engaged to assist the Receiver, including, but not limited to insurance covering liability asserted against, or incurred by, the Receiver or the Receiver's Agents arising out of their respective duties or assigned responsibilities.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: December 1, 2005**

6