UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHELDON GORDON,** | : | Case No. 1:05CV2726 |
| | : | |
| Plaintiff, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | <u>ORDER</u> |
| **DAVID DADANTE,** *et al.*, | : | |
| | : | (SEAL LIFTED) |
| Defendants. | : | |

Pursuant to its prior orders, the Court conducted a hearing on December 8, 2005 to determine whether the Receiver's authority should continue, and to hear argument on Defendant Dadante's motion to disqualify Plaintiff's current counsel, Kohrman Jackson and Krantz P.L.L (Doc. 17). This order memorializes the Court's oral rulings at the hearing, which were effective immediately. For ease of reference, and unless otherwise provided herein, **the effective date of the Court's oral orders at the hearing, most, if not all, of which are articulated below, is December 8, 2005 at 12:45 p.m.** Counsel for Defendant Dadante directly was informed that the Court's rulings, especially the freeze order relative to Defendant Dadante's personal assets, took immediate effect. **A Status Conference is SET for December 19, 2005 at 12:00 p.m, at which time the Receiver shall provide a status report, with specific attention to his ability to satisfy the various margin obligations that remain outstanding with the brokerage houses identified below. The brokerage houses may, if necessary, apply to the Court at that time for further relief from the restrictions imposed by this Order.**

At the hearing, the Court (1) received a report from the Receiver and his recently retained court-approved counsel, Robert Rapp, Esq.; (2) discussed with the parties the substance of the

Receiver's report, its implication on the Plaintiff's pending motion[1] to freeze Defendant Dadante's personal assets and the need for the Receiver's continued appointment; and (3) discussed Defendant Dadante's motion to disqualify. Thereafter, the Court issued a variety of oral rulings, which the Court now memorializes in writing.

## I.     SEAL LIFTED

For reasons articulated on the record, which includes, but is not limited to, the various disclosure obligations imposed by the relevant securities laws upon the Receiver and Innotrac Corporation, the seal in this case is hereby **LIFTED** and the Court **RETURNS** the complete record to the public docket.[2] All future filings shall be made electronically, except in the event the Plaintiff proceeds *pro se*, then filings by the Plaintiff may be made manually to the Clerk of Courts.

## II.    MODIFICATION OF RECEIVER'S APPOINTMENT, AUTHORITY AND THE COURT'S PRIOR ORDERS

Until further order of the Court, the Receiver's appointment and authority, as defined in the Court's November 23, 2005 and December 1, 2005 orders, and herein, is **EXTENDED INDEFINITELY**.

**IT IS FURTHER ORDERED** that the Court's December 1, 2005 Order is modified,

---

[1] The Receiver's counsel reiterated the need for the Court to grant Plaintiff's motion to have Defendant Dadante's personal assets frozen, especially in light of the facts developed by the Receiver from the date of his appointment to now. With these facts now before the Court, the Receiver's counsel articulated the applicable federal and Ohio law governing prejudgment attachment, after which he joined, or, in the alternative, affirmatively moved, on behalf of the Receiver, to have Defendant Dadante's personal assets frozen.

[2] Because the Court's orders were effective immediately, the complete docket was made available in electronic form to the public on the afternoon of December 8, 2005.

amended or supplemented as follows:

- The Court's December 1, 2005 Order modified the language of Paragraph 8 of the November 23, 2005 Order. That modification expired on December 8, 2005. The Court hereby modifies indefinitely Paragraph 8 of the November 23, 2005 Order with the following language:

    Any financial institution or entity – including, but not limited to, Ferris Baker Watts, Inc., Wachovia Securities, L.L.C., H & R Block Financial Advisors, Inc., Pershing, L.L.C. Advest, Inc. and/or The Advest Group, Inc., McDonald Financial Group (a division of KeyCorp) and Merrill Lynch ("collectively the "stakeholder financial institutions") – shall not, until further order of the Court, liquidate any Innotrac Corporation stock[3] held by IPOF, IPOF Fund, IPOF II, L.P, GSI, GSGI, the David Dadante Revocable Trust, David Dadante or any person or entity with whom David Dadante is affiliated in any way, including by blood, marriage or other personal relation.

    Should it become necessary for any of the stakeholder financial institution to exercise any rights it might have to protect the value of the collateral underlying a margin loan to IPOF, IPOF Fund, IPOF II, L.P, GSI, GSGI, the David Dadante Revocable Trust, David Dadante or any other business entity owned by, or affiliated with, David Dadante and/or any person or entity with whom David Dadante is affiliated in any way, including by blood, marriage or other personal relation, including the liquidation of assets in stakeholder financial institutions' brokerage accounts, such stakeholder financial institutions may seek permission from the Receiver to do so. No sales or liquidations of Innotrac Corporation stock may occur, however, except upon the express written permission of the Receiver.

- The Receiver is hereby **AUTHORIZED** to direct sales of Innotrac Corporation stock held by IPOF L.P. ("IPOF"), IPOF II, L.P, ("IPOF II") GSI and/or GSGI (collectively, the "Fund"), the David Dadante Revocable Trust, David Dadante or any other business entity owned by, or affiliated with, David Dadante and/or any person

---

[3] Innotrac Corporation stock trades under the ticker symbol "INOC."

or entity with whom David Dadante is affiliated in any way, including by blood, marriage or other personal relation, as he deems appropriate, for the purposes of: (1) satisfying margin loans; or (2) protecting the value of the Innotrac Corporation stock and assets of the Fund. This authorization includes the transfer of securities from one financial institution to another for the purpose of diluting the debt to asset ratio of a particular account. In connection with any sales or transfers of stock or investment account, the Receiver is hereby **DIRECTED** to give priority treatment to the stakeholder financial institutions who have outstanding margin loans and particularly to those institutions who are at greatest risk of violation any and all obligations they might have under applicable securities laws and regulations including, including, but not limited to, those governing investment account debt to equity ratios;

- The Receiver is hereby **AUTHORIZED** to liquidate or transfer, as necessary, any non-Innotrac Corporation asset held by the Fund so as to protect and/or enhance the value of the Fund; and

- Absent Court approval, which may be sought *via ex parte* application to the Court by the Receiver, the Receiver is **NOT AUTHORIZED** to use cash assets of the Fund to satisfying margin loans.

### III. EXPEDITED DISCOVERY

The Court's prior orders, written or oral, in connection with expedited discovery in this matter are hereby expanded as follows. Any financial institution, individual or entity, controlling accounts or assets in any form of the Fund, David Dadante and/or any person or entity with which David Dadante is affiliated in any way, including by blood, marriage or other personal relation, shall provide

the Receiver, upon request, complete copies of any and all information pertaining to the accounts or assets (in any form) of the above-identified entities or individuals.

As ordered by the Court at the December 8, 2005 hearing, David Dadante shall have, by close of business on December 8, 2005, executed written disclosure authorizations to all financial institutions, individuals or entities controlling any of the above-identified accounts or assets, to assist the Receiver in obtaining said information. Copies of such written disclosure authorizations shall immediately be provided to the Receiver and each respective financial institution, individual or entity.

If he has not already done so, no later than 12:00 p.m. on December 10, 2005, Defendant Dadante shall provide the Receiver with a complete type-written list of all financial institutions, individuals or entities with whom the Fund, David Dadante and/or any person or entity with which David Dadante is affiliated in any way, including by blood, marriage or other personal relation have assets (of any kind) in holding. This obligation includes, but is not limited to, assets (of any kind) held in bank accounts, brokerage accounts, trusts, securities, insurance policies, safe deposit boxes, etc. This obligation shall be a continuing obligation. Defendant Dadante shall, especially upon request by the Receiver, make subsequent contact – whether written, oral or in-person – with such financial institutions, individuals or entities if said parties resist disclosure of information to the Receiver.

**IV.     FREEZE OF DEFENDANT DADANTE'S PERSONAL ASSETS**

For the reasons articulated on the record at the December 8, 2005 hearing, and pursuant to the authority for pre-judgment attachment granted by Federal Rule of Civil Procedure 64, Ohio Revised Code Sections 2715.01 and 2715.03, *Grupo Mexicano de Desarrollo, S.A., et al. v. Alliance Bond Fund, Inc., et al*, 527 U.S. 308 (1999) and *QSI-Fostoria DC, LLC, et al. v. General Electric Capital Business Asset Fund Corp.*, 2005 WL 81902 (N.D. Ohio 2005 – Carr, J.), the Court hereby

5

**FREEZES:**

- all of the personal assets of David Dadante; and

- any asset of any person or entity with whom David Dadante is affiliated in any way, including by blood marriage or other personal relationship that contains or affect Innotrac Corporation stock, as well as any and all cash holdings, bank or investment accounts of such individuals into which transfers of any monies from the Fund and/or proceeds from any transfer of Innotrac Corporation stock has been made since January 1, 2005.

The Receiver and counsel for Defendant Dadante shall negotiate and reach an agreement with regard to an allotment of Dadante's personal assets for:

- reasonable family and living expenses;

- reasonable counsel fees (both civil and criminal, if necessary); and

- any other reasonable and necessary expenditure upon which the Receiver and Defendant Dadante's counsel agree.

The Receiver shall make this negotiation a priority and proceed toward immediately reaching an agreement with Defendant Dadante's counsel in this regard. Any agreement reached shall be presented to the Court for approval. Upon approval by the Court of the agreement, the agreement shall be incorporated as a part of this asset freeze order and shall except from this order the funds necessary to comply with the terms of the agreement.

## V. DEFENDANT DADANTE'S MOTION TO DISQUALIFY

For the reasons articulated by the Court at the December 8, 2005 hearing, Defendant David

Dadante's Motion to Disqualify Plaintiff's Counsel (Doc. 17) is **<u>GRANTED</u>**. Plaintiff's counsel, Kohrman Jackson and Krantz P.L.L. ("Kohrman Jackson") is hereby **<u>DISQUALIFIED</u>** from further appearance before the Court in this case. Kohrman Jackson is not, however, barred from further contact with Plaintiff or others related to this matter to the extent necessary to effectuate an orderly transfer of client files and of the information and knowledge gleaned during the preparations for and course of these proceedings.

In light of the Court's ruling, the Court will be understanding of any extension request by Plaintiff (if acting *pro se*) or substitute counsel in connection with briefing deadlines for recently filed motions (*e.g.*, Defendant Dadante's motion to dismiss and motion for summary judgment – Docs. 18 and 23). Such an extension request must be made, however, prior to the expiration of the response deadlines currently governed by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                                           **s/Kathleen M. O'Malley**
                                                         **KATHLEEN McDONALD O'MALLEY**
                                                         **UNITED STATES DISTRICT JUDGE**

**Dated: December 9, 2005**