UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON GORDON, *et al.*, | : | Case No. 1:05cv2726 |
| | : | |
| Plaintiffs, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | **ORDER** |
| DAVID DADANTE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

Pursuant to its Order of January 19, 2005, this Court conducted a Status Hearing in this matter on March 14, 2006, the purpose of which was to discuss with the brokerage houses the status of their margin loans in the accounts affected by the trading restriction defined in the Court's prior orders. This Order memorializes most of the oral rulings made at that hearing. This Order shall be read in conjunction with all findings made, and directions given, by the Court on the record at that hearing.

- Except to the extent explained below, the trading restriction with regard to Innotrac Corporation ("Innotrac") shares, as defined in the Court's prior orders, is **HEREBY EXTENDED** until 5:00 p.m. on July 14, 2006. A Status Hearing is **SET** for July 10, 2006 at 10:00 a.m., the purpose of which, as with the prior hearings relative to the trading restriction, is to discuss with the brokerage houses the status of their margin loans.

- For the sole purpose of maximizing Fund assets, however, the Receiver is

**AUTHORIZED** to sell Innotrac shares (as well as non-Innotrac shares) held in the defendant brokerage houses' accounts on a limited and periodic basis to the extent he deems such sales appropriate. The Receiver may consult with the Court in connection with the exercise of his discretion.

- No party may immediately appeal to the Court a refusal by the Receiver to exercise his discretion and sell Innotrac (or non-Innotrac) shares. Any such "appeal" shall be considered by the Court at the next Status Hearing. Any party wishing to assert such an appeal **SHALL FILE** a written "NOTICE OF APPEAL OF RECEIVER'S REFUSAL TO SELL" outlining its arguments in support of its disagreement with the Receiver's decision. Such filings shall be made not less than five (5) days prior to the next Status Hearing – unless the Receiver's decision is made within five (5) days prior to the Status Hearing. In that case, the appealing party shall file its notice as soon as possible after the decision from which it appeals. The Receiver may, but is not required to, formally respond to any such notice. He shall, however, be prepared to respond at the Status Hearing.

- For the reasons articulated on the record by the Court, *McDonald Financial Group's Motion for Relief from Order Restricting Sales of Innotrac Shares* (**Doc. 64**) is **DENIED**.

- *Receiver's Motion for Realignment of Parties ("IPOF Funds")* (Doc. 48) is

2

**GRANTED**. Though Defendant Dadante sought an extension of time to oppose that motion, no opposition was filed prior to the requested March 3, 2006 deadline. For the reasons outlined by the Court on the record at the March 14, 2006 hearing, as well as those outlined in the Receiver's motion, the following parties – who originally were named as Defendants – are **REALIGNED** as Plaintiffs in this case.

- IPOF, L.P.;
- IPOF Fund; and
- IPOF II, L.P.[1]

The Receiver **SHALL** prosecute and defend any and all claims asserted on behalf of, or against, these parties. Because the Court grants below *Plaintiff Sheldon Gordon's Motion for Leave to File Amended Complaint* (Doc. 65), and because the proposed Amended Complaint reflects this realignment, the Court need not direct the Clerk of Courts to take any administrative action. Upon filing of the Amended Complaint, the parties – new and old – will appear in their proper locations on the docket.

- *Plaintiff Sheldon Gordon's Motion for Leave to File Amended Complaint* (Doc. 65) is **GRANTED**. Plaintiff **SHALL FILE** the proposed Amended Complaint (along with any attachments) as a separate docket entry. The date of that separate filing shall be the "filing date" of the Amended Complaint for purposes of any relevant deadlines.

---

[1] The Court does not realign GSI because the parties agree that GSI simply does not exist. GSI is a fictional name fraudulently used to lead IPOF investors to believe an entity with that name existed. This distinction effectively is academic, however, in so far as the proposed Amended Complaint names GSI as a "plaintiff." The Court simply refuses to order that a non-entity remain a party in this litigation.

- For the reasons outlined by the Court on the record at the March 14, 2006 hearing, Defendant Dadante's *Motion for Protective Order* (Doc. 61) is <u>**GRANTED** to the extent it seeks to prevent discovery prior to a Case Management Conference ("CMC") and entry of a Case Management Plan ("CMP")</u>. Pre-CMC discovery may occur upon leave of Court, however, which any party may request by written motion. **The Court will set a CMC in a separate order.**

**IT IS SO ORDERED.**

                                          <u>s/Kathleen M. O'Malley</u>
                                          **KATHLEEN McDONALD O'MALLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED: March 20, 2006**