**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SHELDON GORDON**, *et al.*, : | Case No. 1:05cv2726 |
| Plaintiffs, : | |
| : | **JUDGE KATHLEEN O'MALLEY** |
| v. : | |
| : | **ORDER** |
| **DAVID DADANTE**, *et al.*, : | |
| Defendants. : | |

 This matter arises on Plaintiffs' motion for default judgment (Doc. 98). Defendant Dadante, who is now acting *pro se*, filed a one-paragraph brief opposing the motion (Doc. 105) and requesting that the Court either: (1) rule on the previously-filed motion to dismiss and motion for summary judgment; or (2) in the alternative, grant Dadante leave to answer the Plaintiffs' First Amended Complaint.

 For the reasons outlined briefly below, Plaintiffs' motion for default judgment against Dadante (Doc. 98) is **CONDITIONALLY DENIED**. Defendant Dadante is granted **20 days** from the date of this Order **TO PLEAD OR OTHERWISE RESPOND** to the First Amended Complaint. If Defendant Dadante fails to plead or otherwise respond within the time designated in this Order, Plaintiffs' motion for default judgment may be revived – upon written motion by Plaintiffs – and will be granted.

 As an initial matter, the Court clarifies the status of the docket. As expressly stated in the Court's April 18, 2006 order (Doc. 76), Dadante's previously filed motion to dismiss (Doc. 18) and motion for summary judgment (Doc. 23) were denied as moot based on the filing of Plaintiffs' First Amended Complaint. Despite Dadante's statement in his opposition brief that he does "not believe that

the amended complaint . . . renders the motions moot," the motions have been denied as such and are not "outstanding," as Dadante represents. Further, the Court's April 18th Order cautioned Dadante against simply re-filing the mooted motions without first verifying their applicability to the Plaintiffs' amended pleading. The Court will not entertain wholly recycled motions unless they are clearly tailored to the allegations of the amended pleading. To permit a party simply to re-file motions without first verifying their applicability (in whole or in part), the purpose of which could be to delay the case, potentially places a heavy "sifting" burden on the Court, which is not the Court's function. Whether Dadante engaged in such an analysis in support of his <u>conclusory</u> statement that the First Amended Complaint does not moot the previously-filed motions is irrelevant because the motions have <u>not been re-filed</u> in any event. Accordingly, to date, Dadante has not responded – whether by answer or motion – to the Plaintiffs' amended pleading.

In light of Dadante's *pro se* status, however, the Court affords him *some* leniency. With that in mind, the Court looks favorably upon Dadante's alternative request for leave to respond to the amended pleading. Accordingly, Dadante shall have **20 days** from the date of this Order to answer or otherwise respond to the Plaintiffs' First Amended Complaint. As outlined above, failure timely to respond to the amended pleading is grounds for Plaintiffs to revive their motion for default judgment against Dadante, which the Court will grant upon motion by the Plaintiffs.

    **IT IS SO ORDERED.**

                                                                          s/Kathleen M. O'Malley
                                                                          **KATHLEEN McDONALD O'MALLEY**
                                                                          **UNITED STATES DISTRICT JUDGE**

**Dated: July 18, 2006**