UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON GORDON *et al.*, | : | Case No. 1:05CV2726 |
| Plaintiffs, | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | <u>ORDER</u> |
| DAVID DADANTE, *et al.*, | : | |
| Defendants. | : | |

In resolution of several motions currently pending in this matter, several of which are unopposed, the Court hereby **ORDERS THAT:**

- The <u>unopposed</u> *Motion for Substitution* (Doc. 124) filed by Plaintiffs is **GRANTED**. Mark E. Ritts, Executor of the Estate of Donna Ritts, is hereby substituted for Plaintiff Donna Ritts as a party in this matter.

- The <u>unopposed</u> *Motion for Extension of Time* (Doc. 125) filed by Plaintiffs is **GRANTED**. Non-expert discovery is to be completed by **February 1, 2007**; expert reports are due by **February 15, 2007** and **March 15, 2007,** respectively; and expert discovery is due by **April 15, 2007.** Dispositive motions are due by **March 1, 2007**. Given these extensions, the current trial date and all obligations attendant thereto are vacated.

- The <u>unopposed</u> *Motion for Leave to Join New Parties as Plaintiffs* (Doc. 126) is **GRANTED**. New-party plaintiffs Frank Salvo, Raymond Tomazic, and Mark Ziccarelli, Executor of the Estate of Richard Small*,* are hereby joined in this matter.

- The <u>unopposed</u> *Motion to Intervene* (Doc. 134) filed by Nationwide Life Insurance Company ("Nationwide") is **GRANTED**.

The *Motion for Order to Post Bond to Protect Collateral* (Doc. 91) filed by Wachovia Securities, LLC ("Wachovia"), and opposed by the Receiver, is **DENIED**. The Court has considered the issue and determined that the current bond and the Order enjoining the brokerage firms (Doc. 16) constitute the protections most likely to avoid the diminishment of the collateral at issue. The Court believes that same Order insulates Wachovia from any action seeking to enforce regulatory compliance with certain margin requirements (indeed, all parties concede that the Securities Exchange Commission has not threatened to enforce the regulations about which Wachovia complains). Further, the margin-related deficiencies about which Wachovia now complains appeared to have existed prior to the appointment of the Receiver. Finally, it appears that Wachovia had sufficient knowledge regarding the nature and extent of the IPOF investments to have anticipated the spreads that now cause it concern.

The *Motion to Expand Receivership Estate* (Doc. 135) filed by the Receiver, and opposed by Defendant David Dadante ("Dadante"), is **GRANTED in part**. The Receiver asks the Court to expand the Receivership Estate to include (1) the personal estate of Dadante, including any real property, and (2) the estates of every corporation, partnership trust and/or other entity which is directly or indirectly owned by or under the direct or indirect control of Dadante. As to the estate of Dadante, the Court finds that the Receiver's affidavit, coupled with admissions by Dadante's former-counsel in earlier proceedings in this case that D&D Publishing LLC was not an operating business, had no source of income other than the IPOF Fund, and was used as a personal "bank" for Dadante, are sufficient to warrant expansion of the Receivership Estate. The Court, therefore, grants the Receiver's request, <u>but</u>, to the extent that the Receiver intends to exercise his rights to Dadante's estate by transfer of assets or dispossession, requires the Receiver to first seek separate and express

authorization from the Court to do so. As to any corporation, partnership trust and/or other entity which is directly or indirectly owned by or under the direct or indirect control of Dadante, the Court grants the Receiver's request only to the extent of the control and ownership held by Dadante. As to these assets, at this time, the Court grants the Receiver no greater interest in, or control over, any such entity subject to this order than possessed by Dadante prior to it. Thus, at this time, the Receiver may step into Dadante's shoes, and no more, as to the specified businesses and/or partnerships.

The *Motion for Relief from Judgment or Order and Alternative Motion to Modify Order* (Doc. 141) filed by Nationwide Life Insurance, and opposed by the Receiver, is **DENIED**. Nationwide recognizes that the life insurance policy at issue neither contains a termination provision addressing termination under the present circumstances, nor lists the present circumstances as an event which triggers a surrender charge. Yet, Nationwide seeks to characterize the policy's legal termination by the Receiver as a contractual surrender event and impose a fee. (Motion at 6-7.) The Receiver, however, has the authority to terminate the life insurance policy even where such termination is not provided for expressly in the contract. The Court, accordingly, denies Nationwide's motion.

**IT IS SO ORDERED.**

                                                       s/Kathleen M. O'Malley
                                                     **KATHLEEN McDONALD O'MALLEY**
                                                     **UNITED STATES DISTRICT JUDGE**

**Dated: October 6, 2006**