UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHELDON GORDON,** *et al.* | : | Case No. 1:05CV2726 |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | **OPINION AND ORDER** |
| **DAVID DADANTE,** *et al.* | : | |
| **Defendants.** | : | |
| | : | |

Before the Court are *H&R Block Financial Advisors, Inc.'s* ("HRBFA") *Motion to Quash the Deposition of William H. Salem Or, in the Alternative, Motion For a Protective Order* (Doc. 158) and Advest, Inc.'s ("Advest") *Motion to Quash the Deposition of William H. Salem and For a Protective Order* (Doc. 159). Mark Dottore (the "Receiver") has opposed both motions. See *Opposition to Motion to Quash Deposition and for Protective Order.* (Doc. 161); *Opposition to Motion to quash Notice of Deposition or, in the Alternative, Motion for Protective Order* (Doc. 163). Advest and HRBFA have filed replies in support of their motions to quash. See *Reply Memorandum In Support of Motion to Quash Deposition and for Protective Order* (Doc. 164); *Reply to response to Motion to Quash Notice of Deposition* (Doc. 165). Non-party William H. Salem,[1] through his individual counsel, has joined in Advest's and HRBFA's motions to quash. The matter is ripe for the Court's consideration.

A brief synopsis of certain pertinent facts bears reiteration. In November 2005, the Court appointed the Receiver, in sum, to collect and examine the assets of the IPOF entities. During the

---

[1] Mr. Salem is a current employee of HRBFA and a former employee of Advest. It is undisputed that he was involved with the brokerage accounts discussed *infra*.

course of his investigation, the Receiver learned that a significant portion of IPOF-related assets were in the form of publicly-traded stock held in various brokerage accounts, including accounts held at HRBFA and Advest. Subsequently, the brokerage houses put the Receiver on notice that they believed they had *bona fide* claims against the assets held in those accounts by virtue of various margin agreements. After further investigation, the Receiver learned that Mr. Salem was involved with the relevant brokerage accounts during his employment with Advest and HRBFA. The Receiver now seeks to depose Mr. Salem.

Advest and HRBFA make three arguments in support of their motions to quash the proposed deposition of Mr. Salem: (1) the deposition exceeds the Receiver's authority; (2) the deposition is not countenanced by the Federal Rules of Civil Procedure; and (3) the deposition abrogates their rights to proceed under mandatory arbitration. The Court finds these arguments unpersuasive, however, due to the unique circumstances of this case.

At the outset, the Court notes that the publicly-traded stock held in the brokerage accounts is potentially the most significant asset of the IPOF-related entities discovered by the Receiver to date. The claims asserted by various brokerages (including Advest and HRBFA) by virtue of certain margin agreements, moreover, represent the most significant potential liabilities facing the IPOF-related entities. The legitimacy and enforceability of those margin-related claims, whether at law or in equity, therefore, is of paramount importance. Accordingly, the Court finds that it is not only within the scope of the Receiver's authority, but his duty to thoroughly investigate the legitimacy and enforceability the margin-related claims asserted by the brokerages.

The Court recognizes that, under certain circumstances, Advest's and HRBFA's account agreements may provide them with right to compel arbitration of certain claims asserted against them.

2

The Court, however, does not find those circumstances here, where, as HRBFA and Advest admit, no claims have been asserted against them by the Receiver.[2] On the contrary, HRBFA and Advest have provided notice to the Receiver that they have claims against the assets of the estate – assets the Receiver is charged with preserving – and have asserted those claims without demanding arbitration of them. The Receiver cannot be forced to accept the claims of HRBFA and Advest without permitting him to test their validity. The Receiver has stated that the deposition of Mr. Salem is necessary for that purpose; given his involvement with the creation of the margin debts, the Court finds that assertion credible.

Accordingly, *H&R Block Financial Advisors, Inc.'s* ("HRBFA") *Motion to Quash the Deposition of William H. Salem Or, in the Alternative, Motion For a Protective Order* (Doc. 158) and Advest, Inc.'s ("Advest") *Motion to Quash the Deposition of William H. Salem and For a Protective Order* (Doc. 159) are **DENIED.**

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 23, 2007**

---

[2] HRBFA and Advest also assert that the deposition of Mr. Salem is inappropriate under the Federal Rules of Civil Procedure because no claim is currently pending against them. This argument is far too simple and ignores the realities and scope of the case that <u>is</u> pending before the Court. Discovery of third-parties (*i.e.* parties against whom no action is pending) always is permissible if relevant to a pending action. As noted above, the value of the funds assets, and scope of its liabilities are directly relevant to the Receiver's duties and to the Court's ultimate ability to order an appropriate distribution of funds in this action.