**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHELDON GORDON, *et al.* | : | Case No. 1:05CV2726 |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | <u>**OPINION AND ORDER**</u> |
| DAVID DADANTE, *et al.* | : | |
| Defendants. | : | |
| | : | |

Pending before the Court are H&R Block Financial Advisors' ("HRBFA") second *Motion to Quash* the deposition of William Salem (Doc. 216) and non-party William Salem's *Motion for a Protective Order* (Doc. 212). For the reasons discussed herein, those motions are **<u>DENIED.</u>**

**I.   BACKGROUND.**

On December 5, 2006, Mark Dottore (the "Receiver") filed a notice to take the deposition of William H. Salem ("Salem"), a non-party and current employee of H&R Block Financial Advisors ("HRBFA"). HRBFA, and Advest, Inc., (Salem's former employer) filed motions to quash the deposition in which Salem eventually joined. (<u>See</u> Docs. 158, 159, 171, 172). On January 23, 2007, after briefing closed, the Court entered a written Order denying the motions to quash. (<u>See</u> Doc. 177).

On February 5, 2007, HRBFA informed the Court, via its an *Emergency Motion to Stay Proceedings Pending Arbitration* (Doc. 188), that it had initiated NASD arbitration pursuant to an account agreement signed by David Dadante (the "Agreement"). On March 12, 2007, HRBFA filed

a second *Motion to Quash* the deposition of Salem (Doc. 216), arguing that the deposition is inappropriate until the Court rules on HRBFA's pending motion to stay the proceedings. In the interim, on March 2, 2007, Salem filed a *Motion for a Protective Order* (Doc. 212), arguing that the deposition would violate his Fifth Amendment privilege to be free from self-incrimination.

## II. DISCUSSION

### A. Salem's Motion for A Protective Order.

In short, Salem argues that he should not be compelled to give testimony in this case because he is the subject of a criminal investigation which addresses issues that may arise during a deposition in this matter. The Receiver, who noticed the deposition, asserts that he does not, and cannot, seek to abrogate Salem's constitutional rights, but argues that Salem cannot make a blanket assertion of his Fifth Amendment privilege prior to questioning.

The Receiver cites United States v. Harmon, 339 F.2d 354 (6th Cir. 1964), for the proposition that the Fifth Amendment provides "an option of refusal, not a prohibition of inquiry." The Court finds this statement to be a correct summary of the scope of the privilege. Indeed, "it is well-established that a district court may not rule on the validity of a witness' invocation of the fifth amendment privilege against compulsory self-incrimination until the witness has asserted the privilege in response to a particular question." United States v. Arnott, 704 F.2d 322, 324-25 (6th Cir. 1983). Thus, Salem cannot refuse to appear for the deposition by asserting his Fifth Amendment right. Nothing in this Opinion, however, should be construed as abrogating Salem's constitutional rights. It is apparent that Salem will be represented by counsel during the deposition. If Salem or his attorney feel that his response to any question would cause him to incriminate himself such that he can validly invoke his Fifth Amendment privilege, he certainly may do so. Accordingly, Salem's Motion for a Protective

Order (Doc. 212) is **DENIED.**

### B. HRBFA's a second Motion to Quash the deposition of Salem.

In its previous order, the Court recognized that, under certain circumstances, HRBFA's account agreement may provide it with right to compel arbitration of certain claims asserted against it.[1] The Court further stated that it, "d[id] not find those circumstances here, where, as HRBFA has admitted, no claims have been asserted against them by the Receiver." The only change to the relevant circumstances here is HRBFA's recent filing stating that it is now seeking NASD arbitration of the claims it had previously raised against the Receiver by letter.[2] It is still true, however, that the Receiver has not yet asserted any claims against HRBFA.

As an initial matter, it is not entirely clear whether the language of the arbitration agreement requires a party who has not brought a claim against HRBFA to submit to arbitration to defend a claim brought against it by HRBFA. Further, even if the Receiver must submit to arbitration of HRBFA's claims against it, it is not clear at this stage that Salem will *only* have information relating to claims arising out of the Agreement. In any event, the Court has previously found that the broad principles of discovery entitle the Receiver to depose Salem to aid in his thorough examination of the relevant issues *in this case* that impact the assets of the IPOF entities, including those in the form of publicly-traded stock held in various brokerage accounts. HRBFA's assertion of margin-debt related claims against the Receiver in NASD arbitration does not change this analysis.

---

[1] HRBFA's arbitration clause states: "You [the investor] agree to submit any and all controversies or claims arising out of the relationship established by this Agreement . . . to arbitration . . . ."

[2] The claims appear to be brought against David Dadante, the IPOF Fund, and related entities. The Receiver, however, currently administers the assets of most of these entities.

3

Thus, for the reasons discussed above and in the Court's January 23, 2007 Opinion, the Court finds that HRBFA, one of scores of parties to this matter, cannot halt proceedings in this case simply because it seeks to pursue arbitration of certain claims against Dadante, IPOF Fund, and related entities. Accordingly, HRBFA's Motion to Quash (Doc. 216) is **DENIED.**[3]

### III. CONCLUSION.

For the reasons discussed above, H&R Block Financial Advisors' ("HRBFA") *Motion to Quash* the deposition of William Salem (Doc. 216) and William Salem's Motion for a Protective Order (Doc. 212) are **DENIED.**

    **IT IS SO ORDERED.**

                                                             s/Kathleen M. O'Malley
                                                              **KATHLEEN McDONALD O'MALLEY**
                                                               **UNITED STATES DISTRICT JUDGE**

**Dated: March 13, 2007**

---

[3]     This does not mean that unlimited discovery will be permitted in this matter. The Court only concludes here that nothing raised in either of the pending motions justifies the requested prohibition against this particular deposition.