IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

| | | |
|---|---|---|
| SHELDON GORDON, et al., | ) | Case No. 1:05CV2726 |
| Plaintiffs, | ) ) | Judge Kathleen O'Malley |
| v. | ) ) | |
| DAVID DADANTE, et al. | ) ) | |
| Defendants. | ) | |
| MARK SMALL, et al., | ) | Case No. 1:06CV1721 |
| Plaintiffs, | ) ) | Judge Kathleen O'Malley |
| v. | ) ) | |
| FRANK REGALBUTO, et al. | ) ) | |
| Defendants. | ) | |
| NANCY AMANTEA, et al., | ) | Case No. 1:07CV3233, |
| Plaintiffs, | ) ) | Judge Kathleen O'Malley |
| v. | ) ) | |
| DAVID DADANTE, et al. | ) ) | |
| Defendants. | ) | |

## BAR ORDER, INJUNCTION AND DISMISSAL OF CLAIMS

WHEREAS, on January 22, 2008, Mark E. Dottore, Receiver ("Receiver"), filed a motion (the "Motion") seeking a determination that (i) as a result of a proposed settlement between and among Ferris, Baker Watts, Inc. ("FBW") and IPOF Fund, L.P., IPOF II, L.P., GSI, GSGI and all affiliated entities thereof (collectively "IPOF Fund"), in the above-captioned action

1

Case No. 1:05CV2726 ("Receivership Action"), an order should issue barring all claims for indemnity or contribution against FBW arising out of, in connection with, or in any way related to the Receivership Action or the allegations therein; and (ii) as a result of the aforementioned settlement, an order should issue dismissing any and all claims, counterclaims, crossclaims and third party complaints against FBW currently pending in the Receivership Action; and

WHEREAS, the Receiver has also filed a Motion in Case 1:06CV1721 ("Small Action") seeking a determination that as a result of the settlement between and among FBW and IPOF in the Receivership Action an order should issue barring all claims for indemnity or contribution against FBW now pending or arising out of, in connection with, or in any way related to the claims that have been or could have been asserted in the Small Action; and

WHEREAS, the Receiver has also filed a Motion Case 1:07CV3233 ("Amantea Action") seeking a determination that as a result of the settlement between and among FBW and IPOF in the Receivership Action, an order should issue barring all claims for indemnity or contribution against FBW now pending or arising out of, in connection with, or in any way related to the claims that have been or could have been asserted in the Amantea Action; and

WHEREAS, due and proper notice of the Motion and this hearing having been given to all interested persons, and the Court has considered the papers filed by Receiver in support of its Motion, and all objections to the Motion, and such other and further evidence and argument as was presented at the hearing held in connection with the Motion on March 12 2008.

NOW, THEREFORE, it is hereby ordered that:

I.	For purposes of this Order, the term "FBW" refers to Ferris, Baker Watts, Inc., and its direct or indirect subsidiaries, parents and other affiliates, and its respective past and

present employees, officers, directors, successor and predecessor entities, and attorneys, and each of them.

II. For purposes of this Order, the term "IPOF Fund" refers to IPOF Fund, L.P., IPOF II, L.P., GSI, GSGI and any affiliates, and their respective past and present employees, officers, directors, successor and predecessor entities, and attorneys, and each of them.

III. For purposes of this Order, the term "Receiver" refers to Mark E. Dottore, in his capacity as Receiver of IPOF Fund.

IV. For purposes of this Order, the term "Non-Settling Defendants" refers to:

    A. all defendants, counter-defendants, cross-defendants and third-party defendants, other than FBW, in the Receivership Action, the Small Action and the Amantea Action; and

    B. any other person or entity that directly or through his/her/its counsel has been served with notice of the hearing on the Motion.

V. Each of the Non-Settling Defendants is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against FBW (or any other claim against FBW where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to IPOF Fund) arising out of or relating to the claims or allegations in the Receivership Action, the Small Action or the Amantea Action, trading in the stock of Innotrac Corporation, or the conduct of a former employee of FBW, Stephen J. Glantz.

VI. FBW is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution (or any other claim where the injury to FBW is FBW's liability to IPOF Fund), arising out of or relating to the claims or

3

allegations in the Receivership Action, the Small Action or the Amantea Action, trading in the stock of Innotrac Corporation, or the conduct of a former employee of FBW, Stephen J. Glantz.

VII. All claims against FBW in the Receivership Action, the Small Action and the Amantea Action are hereby dismissed with prejudice.

VIII. Any judgment obtained by the Receiver or IPOF Fund against any of the Non-Settling Defendants, or any party other than FBW, shall be reduced in accordance with applicable law.

IX. Neither FBW's settlement with IPOF Fund, nor any of the settlement's terms or provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    A. construed as or deemed in any judicial, administrative, arbitration or other type of proceeding to be evidence of a presumption, concession, or an admission by FBW of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted in the Receivership Action, the Small Action or the Amantea Action;

    B. construed as a concession or an admission by FBW that IPOF Fund has suffered any damage.

X. The Court shall have and retain jurisdiction over the parties for all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the settlement agreement between and among FBW and IPOF Fund and any related disputes.

XI. There is no just reason for delay in the entry of final judgment as to FBW, and the Court hereby directs the clerk to enter judgment as to FBW pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

XII. The clerk shall promptly serve copies of this Order upon all parties to this Action.

XIII. The Receiver shall promptly serve all other persons whom he believes may be subject to any provision of this Order, and shall, within thirty (30) calendar days from the date of entry of this Order, submit to this Court an affidavit identifying the name, address, date of service, and manner of service of each such Person he served with a copy of this Order in compliance with this provision.

IT IS SO ORDERED.

Dated: April 24, 2008

Kathleen M. O'Malley
United States District Judge