# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON GORDON, et al. | : | Case No.1:05CV2726 |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| DAVID DADANTE et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

Before the Court is Mark Dottore's (the "Receiver") October 6, 2008 *Motion for Conditional and Final Approval of a Settlement with Innotrac Corporation.* (Doc. 392.) In his motion, the Receiver asks this Court to approve a settlement between the Receivership estate and Innotrac Corporation ("Innotrac"), to enter a bar order and an injunction, and to dismiss all claims, counterclaims, cross-claims, and third-party complaints against Innotrac in related litigation that is currently stayed pending the outcome of the instant case. The essential terms of the settlement involve a merger between Innotrac and GSI Commerce, Inc. ("GSIC"). This agreement calls for: (1) the sale of 100 percent (100%) of Innotrac's outstanding common stock to GSI Commerce, Inc. ("GSIC") in exchange for total consideration in the amount of fifty two million dollars ($52,000,000); (2) no less than twenty-two million dollars ($22,000,000) of this consideration to be paid in cash and the remainder to be paid in GSIC stock;[1] (3) Innotrac to pay the Receivership estate

---

[1] As a consequence of this transaction, the Receivership estate will receive total consideration of approximately $17,417,000, which represents approximately $4.03 for each share of Innotrac currently held by the Receivership. Not less than $7,742,000 of this consideration will be paid in cash; the remainder will be paid in GSIC stock.

additional consideration in the amount of one-hundred thousand dollars ($100,000). In exchange, the Receiver, on behalf of the Receivership estate and related entities, agrees to release Innotrac, its officers, directors, and employees from any potential claims it may have for violations of antifraud provisions of the federal securities laws. Finally, consummation of the settlement is conditioned upon this Court's entry of a final Bar Order, Permanent Injunction, and Dismissal of Claims.

For the reasons explained herein, this Court **GRANTS** immediate conditional approval of the terms of the Settlement Agreement pending further proceedings, orders that a hearing on the motion for final approval be set for 5:00pm on November 5, 2008, and orders that any objections to this agreement be made in writing and filed no later than 5:00pm on October 29, 2008.[2]

**I. Background**

The instant action has a long and complicated history. For purposes of this order, however, it is only relevant to note that this Court previously appointed a Receiver in this case. The Receiver's mandate is in part to maximize the value of an extremely large quantity of Innotrac stock held by the Receivership estate. This task has been made difficult by the very low volume of Innotrac stock that is traded each day. While Innotrac stock has traded between $2.05 and $4.35 a share at various times over the past year,[3] all Parties (as well as this Court) have observed that the stock held by the Receivership estate is highly illiquid. In other words, it would be impossible for the Receiver to obtain any sum approaching the listed share price by selling Innotrac stock into the open market. For this reason, the Receiver sought to cooperate with Innotrac management to arrange for the sale of Innotrac to a third-party.

---

[2]Parties represented by counsel must file objections through counsel.

[3]As of 3:00pm on October 6, 2008, Innotrac was trading at approximately $3.50 per share.

On October 5, 2008 Innotrac entered into an Agreement and Plan of Merger (the "Merger Agreement") with GSIC and a wholly-owned subsidiary of GSIC which will acquire 100% of the outstanding common stock of Innotrac for total consideration of $52 million, payable in cash and stock of GSIC. The Receivership estate holds approximately 35.1% of the outstanding shares of Innotrac. Consequently, the Receivership estate stands to collect over $17.5 million dollars in total value as a result of this transaction.[4] In addition to that $17.5 million, Innotrac will pay $100 thousand in cash directly to the Receivership Estate as additional consideration for this transaction.

**II. This Settlement Appears to Provide Fair Value to the Receivership Estate**

The Court is tentatively persuaded that this transaction provides fair value to the Receivership estate. It would not be possible for the Receiver to settle his claims with Innotrac absent the purchase of Innotrac by an entity such as GSIC or some other event involving the disposition of the entire block of shares held by the Receivership estate. Further, it appears that the Receiver has worked diligently with the majority shareholder of Innotrac to bring about this transaction. Not only does it appear that GSIC is a suitable acquiring company, but it appears that the terms of the acquisition are both fair and reasonable. The Court notes that GSIC will pay total value equaling $4.03 a share, which is <u>substantially higher</u> than Innotrac's current share price, which is only $3.50. This is particularly relevant because, as previously noted, it would not be possible to sell a meaningful quantity of Innotrac stock onto the open market for $3.50 per share, or for any real value for that matter. The Court notes, moreover, that at various times through the course of this litigation, Innotrac shares have traded for as little as $1.34, again, well below the proposed transaction value.

---

[4] 60% of the $17.5 million will be paid to the Receivership estate in the form of GSIC stock. Because GSIC is fairly widely traded, however, it should be possible for the Receiver to liquidate the GSIC stock in relatively short order.

Furthermore, the Court finds that $100 thousand dollars appears to represent adequate additional consideration to the Receivership estate. The Receiver has represented that he believes that the Receivership estate would not have valid claims against Innotrac. (*See* Doc. 392 at 6.) While members of the Receivership estate were the victims of substantial fraud, there does not appear to be any legally relevant relationship between that fraud and the actions of Innotrac or its principles. Though certain members of the plaintiff class have alleged that Innotrac officers or directors engaged in fraudulent activity, the Receiver has not found a factual basis for this claim. Indeed, the Receiver has concluded that, at best, the "assertion of claims against Innotrac would be difficult and extremely expensive, with much uncertainty as to any final result or recovery." (Doc. 392 at 6.) Consequently, the $100 thousand dollar payment, offered <u>as additional consideration</u> to the Receivership estate, is fair to the Receivership estate and all IPOF limited partners.[5]

In reaching this conclusion, the Court is mindful of the fact that the most vocal of the plaintiff limited partners have <u>repeatedly</u> taken the position, both in written filings and in open court, that they believe any recovery from Innotrac that would provide the Receivership estate with a value of $3.00 or more per share in return for the Innotrac shares held by the estate would be both fair and adequate. (Doc. 353 at 14 ("There are several objectors that have come right out and said that if, if that stock would be sold today at $3 a share . . . they probably would withdraw any objection"); *see also id.* at 57 ("I think as investors we're afraid that the stock isn't [even] worth $3"); Doc. 390 at 22 (expressing the plaintiffs' disbelief that Innotrac stock could be sold for $3 a share and acknowledging that the plaintiffs would be happy with such a price); *id.* at 48 (explaining that the

---

[5]Of course, the release from liability is a critical issue upon which GSIC's purchase is predicated. Absent such a release, GSIC would not be purchasing Innotrac and the Receivership estate would not be on the cusp of realizing over $17.5 million.

plaintiffs hoped to recover between $3 and $4 a share); Doc 343 at 3 ("The Innotrac stock has no value."). Thus, while certain of the limited partners have expressed the view that the Innotrac stock had <u>no</u> value to the Receivership estate and that it would likely never generate value, no limited partner has ever taken the position that a resolution that generated a value in excess of $3.00 per share would be inadequate.

The fact that the proposed settlement promises to generate more value to the Receivership estate from the sale of the Innotrac shares than the amount demanded to date by the potential beneficiaries of that recovery, provides additional support for the Court's initial fairness assessment.

### III. Conclusion

It appears to this Court that the Receivership estate is indeed "on the verge of an extraordinary recovery." (Doc. 392 at 8.) The Court finds the settlement agreement reasonable on its face and hereby **GRANTS** the Receiver's motion for conditional approval pending a full and detailed fairness hearing. (*See* Doc. 392.) The Court will hold a hearing regarding the Receiver's motion for final approval of these terms including the bar order and permanent injunction on November 5, 2008. All objections <u>must</u> be filed in writing by October 29, 2008. Only those who have filed written objections will be permitted to speak to any objections at the hearing.

**IT IS SO ORDERED.**

                                        s/Kathleen M. O'Malley
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated: October 7, 2008**