**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHELDON GORDON, et al.,** | : | **Case No. 1:05CV2726** |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **DAVID DADANTE, et al.,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court is a position statement (Doc. 409) filed in response to Mark Dottore's (the "Receiver") October 6, 2008 *Motion for Conditional and Final Approval of a Settlement with Innotrac Corporation* (Doc. 392). For the following reasons, the Court **STRIKES** this filing (Doc. 409).

On October 16, 2008, this Court ordered any Plaintiffs wishing to express support for or opposition to the Receiver's motion to file an individually signed statement with the Court. (Doc. 397.) For those Plaintiffs represented by counsel, this Order contained several requirements designed to address unique problems that have occurred throughout this litigation. Among other essential conditions, the Court ordered that any party wishing to file a position statement certify that, prior to filing their position with the court, that party's own counsel had fully explained the trade-offs involved with expressing support for or opposition to the Receiver's motion. (Doc. 397.) The Court further emphasized that these statements needed to contain enough detail to reflect that the

party providing the statement truly understood the issues involved.[1]

The position statement currently before the Court (Doc. 409) does not comply with this Court's prior Order in at least three critical respects.  First, the objections contained in the position statement indicate that the party's own counsel did not explain the settlement to them.[2]  The Court considers it essential for parties who are represented by counsel to confer with that counsel, particularly because certain parties to the instant action have indicated confusion regarding the proceedings _and_ confusion with respect to the question of whether they are represented by counsel, who that counsel might be, and what their personal financial obligations to the various counsel appearing on behalf of the "Regalbutto Plaintiffs" might be.  Second, the objections contained in the position statement are boilerplate that does not contain sufficient detail to make clear that the parties understand the trade-offs inherent in the Receiver's motion.  Finally, the Court would like to note that counsel appearing before this Court is always expected to make clear precisely which parties that counsel represents.  This filing does not meet that basic requirement.  It includes signed statements from 31 individuals who aver that Mr. Summers is their counsel, yet the document entry filed by Mr.

---

[1]  In full, this Order stated that "any statements filed by counsel, whether objecting to or expressing support for the settlement, [must] be accompanied by a signed statement by any individual plaintiff represented by that counsel.  This statement must be detailed enough to reflect that the client has an accurate understanding of the aspects and implications of the settlement and any objections thereto.  Furthermore, the statement must explicitly certify that counsel has explained the terms of the settlement and potential recovery to that individual plaintiff.  The statement may _not_ take the form of boilerplate.  For purposes of this motion, the Court will treat attorneys as representing only those individual plaintiffs who have complied with this procedure.  Plaintiffs who do not comply with this procedure will be presumed to defer to the judgement of the Receiver in this matter."  (Doc. 397) (emphasis in original.)

[2]  Parties represented by counsel must confer with a _licensed_ attorney; they also may _not_ equate explanations provided in an open forum by the Receiver's counsel with legal advice provided by their own counsel.

Summers purports to represent many more individuals.[3]  The Court, accordingly, cannot accept this position statement as filed.

Although this Court is ordinarily unwilling to allow any party to disregard an explicit Court Order, the Court wishes to ensure that all parties who would like to express a position regarding this settlement have a full and fair opportunity to do so.  The Court also takes note of the health considerations that have recently impacted Mr. Summers, counsel of record in the filing currently before the Court.  (*See* Doc. 401.)  Consequently, although the Court hereby **STRIKES** the position statement filed by the Regalbuto Plaintiffs (Doc. 409) as non-compliant with this Court's prior Order (Doc. 397), the Court **GRANTS** those parties whose signatures are attached to the non-compliant position statement (Doc. 409) leave to file fully compliant statements no later than 11:00 a.m. on November 12, 2008, if any of those parties wish to do so.  As per this Court's Order of October 16 (Doc 397), Plaintiffs who do not file fully compliant statements will be considered by this Court to defer to the judgement of the Receiver for purposes of this motion.

To address the question of who represents which parties in this case (and who, moreover, remains represented at all), the Court also **ORDERS** Mr. Summers to file a statement indicating precisely who he represents and confirming that he <u>personally</u> obtained authority from those individuals listed to continue that representation.

---

[3] One of the individuals included in the document entry is Frank Regalbutto, who Mr. Summers previously withdrew from representing.  (*Compare* Doc. 403 (Mr. Summers motion to withdraw as counsel for Mr. Regalbutto) and Doc. 406 (pro se filing of Mr. Regalbutto) *with* Doc. 409 (document entry reflecting that Mr. Summers <u>is</u> Mr. Regalbutto's counsel.)

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 6, 2008**