UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHELDON GORDON, et al.** | : | Case No. 1:05-CV-2726 |
| Plaintiffs, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **DAVID DADANTE, et al.** | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

As detailed in the Court's ruling of this same date, the Court **FINDS** that it is in the best interest of all parties to this action that Dr. B. Thomas Florence ("Dr. Florence"), the Analysis Research Planning Corporation ("ARPC"), and the employees and contractors of ARPC, conduct an audit of the Receiver and the professionals whom the Receiver has employed throughout this litigation (collectively, the "Receiver").

**NOW, THEREFORE, IT IS ORDERED** that Dr. Florence, ARPC, and the employees and contractors of ARPC (collectively, the "Auditors") are **APPOINTED** auditors in this action.

It is **FURTHER ORDERED** that the Auditors will:

1. Audit unredacted copies of any and all bills submitted by the Receiver in this Action.[1] Such an audit will include, but not be limited to, an examination to ensure that such bills:
   a. Contain only professionally reasonable charges and expenses.[2]

---

[1] As the Receiver has already indicated his willingness to do, the Receiver will provide the Auditors all records that the Auditors deem necessary for a complete audit and otherwise cooperate fully with the Auditors.

[2] As it relates to this analysis, in addition to a more traditional reasonableness inquiry, the ARPC also will determine, to the extent feasible, whether the Receiver has been forced to incur

    b. Do not include any unnecessary or excessive charges or any inappropriate billing practices.
    c. Contain only charges for work that has actually been performed.

2. Examine the Receiver's internal billing records from other cases when necessary for a full audit of the bills in this action.  Privileged or otherwise confidential information may be redacted from these bills.[3]

3. Interview the Receiver and his professional staff, as appropriate, to ensure a thorough and complete audit.

4. Submit a final report to this Court detailing the findings of this audit.

5. File under seal any material subject to attorney client privilege or deemed confidential by the securities laws or any applicable SEC regulation.  Properly redacted public versions of this material must also be filed with the Court.

6. Report to the Court if it becomes apparent that the total cost of this audit will exceed $30,000.

7. Execute the attached confidentiality agreement as a condition of their appointment.

**IT IS FURTHER ORDERED** that the Auditors shall not be liable to any person, corporation or entity for actions taken in connection with this audit – especially the Fund, or any limited partner thereto – except for the Auditor's own breach of trust committed in knowing bad faith or for willful misconduct.  Nor shall the Auditors be liable for any act or omission of any attorney, advisor, officer, agent, employee, consultant, or other representative of the Auditors (hereinafter "Auditors' Agents) for actions taken in connection with this audit.  Likewise, any of the Auditors' Agents shall not be liable to any person, corporation or entity – especially the Fund, or any limited partner thereto – for conduct in connection with their provision of professional services to the Auditors relating to this audit.

---

otherwise unnecessary expenses because of the need to respond to unreasonable filings or actions, if any, by parties and/or third parties to these proceedings.

 [3] This Court presumes that it does not have the discretion to order the disclosure of confidential material from <u>other</u> actions.  *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004) ("[E]very court has supervisory power over its own records and files.").

2

Accordingly, all persons, corporations and entities – and especially the parties in this case, the limited partners of the Fund and their respective attorneys, servants, agents, employees and/or friends and family members – hereby are, jointly and severally, **<u>ENJOINED</u>** and **<u>STAYED</u>**, absent express written permission from the Court (which may be obtained only for an action asserting breach of trust committed in knowing bad faith or via willful misconduct, and with written leave of this Court obtained after outlining the nature of the alleged breach of trust in knowing bad faith or willful misconduct), from commencing or continuing any action at law or suit or proceeding in equity in any Court or to prosecute, or continue prosecuting, any claim, or executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment or subpoena, against:

- Dr. Florence as an individual
- Any entity in which Dr. Florence holds an ownership interest
- APRC as a corporate entity
- Any entity in which APRC holds an ownership interest
- Any employee or contractor of APRC, in either their personal or professional capacities
- Any entity in which an employee or contractor of APRC holds an ownership interest
- Any attorney, advisor, officer, agent, employee, consultant, or other representative retained or employed by the Auditors.
- Any entity in which an attorney, advisor, officer, agent, employee, consultant, or other representative retained or employed by the Auditors holds an ownership interest.

3

The Auditors shall be paid from the proceeds collected, from, or on behalf of, the Fund on a first position priority basis.[4] All others to claim thereafter shall be addressed under the supervision of this Court.

**IT IS FURTHER ORDERED** that the Fund shall indemnify and defend the Auditors and the Auditors' Agents to the fullest extent of the applicable law against any suit relating to this audit not approved in writing by this Court pursuant to the standards set forth above. If the Auditors or any of the Auditors' Agents is made a party, or is threatened to be made a party, to any completed, pending, or threatened action, suit or proceeding of any kind, whether civil, administrative or arbitrative, he (or they) shall be indemnified and defended by the Fund against expenses, costs, and fees (including reasonable attorney's fees), judgments, awards, costs, amounts paid in settlement, and liabilities of all kinds. Reasonable expenses, costs, and fees (including reasonable attorney's fees) incurred by or on behalf of the Auditor or any of the Auditors' Agents in connection with any action, suit, or proceeding, whether civil, administrative, or arbitrative, will be paid by the Fund in advance of any final disposition of the proceeds of the Fund or non-first-party-position (as previously provided) claim against the Fund.

This Court will retain exclusive and continuing jurisdiction over the actions of the Auditors and the Auditors' Agents taken in connection with this audit.

**IT IS SO ORDERED.**

                                                       s/Kathleen M. O'Malley
                                                      KATHLEEN McDONALD O'MALLEY
                                                      UNITED STATES DISTRICT JUDGE

**Dated: June 26, 2009**

---

[4] This Order does <u>not</u> disrupt the Receiver's priority with respect to any other claimant. (*See* Doc. 16.)