# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **SHELDON GORDON, et al.,** | : | Case No.  1:05-CV-2726 |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **DAVID DADANTE, et al.,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court is a Motion to Attend an Interview, filed by Disqualified Attorney James G. Dawson.  (Doc. 470.)  For the reasons detailed below, this motion is **DENIED**.[1]

## I. PROCEDURAL HISTORY

On March 12, 2009, Attorney James G. Dawson filed his Notice of Appearance on behalf of the Objecting Plaintiffs.  (Doc. 431.)  On March 23, 2009 the Small Plaintiffs filed a motion to disqualify Attorney James Dawson ("Dawson").  (Doc. 433.)  On April 6, 2009, Dawson filed a response to this motion.  (Doc. 436.)  On April 15, 2009, the Small Plaintiffs filed a reply to that brief.  (Doc. 438)  On June 19, 2009, the Small Plaintiffs filed supplementary material in support of their motion.  (Doc. 446.)

On June 30, 2009, the Court stayed the Small Plaintiffs' motion and ordered Dawson to show cause why he should not be disqualified from representation of any party in this action.  (Doc. 449.)  On July 10, 2009, Dawson filed a response to this Order.  (Doc. 451.)  On July 15, 2009, the Small Plaintiffs filed a reply to that response.  (Doc. 453.)

---

[1] Because of the time-sensitive nature of this order, it is not entirely "self-contained:" to understand this order, it is important to first read the Court's August 28, 2009 Order disqualifying Dawson (Doc. 458).

On August 26, 2008, the Court disqualified Dawson. (Doc. 458.) In that Order, the Court reiterated its earlier conclusion that no attorney could properly represent Plaintiff Frank Regalbuto and the other Plaintiffs in this action and found, *notwithstanding Dawson's insistence that Dawson did not represent Frank Regalbuto* (Doc. 451 at 7 ("I do not represent Mr. Frank Regalbuto, Sr. in the subject case.")), that Dawson did represent Frank Regalbuto. The Court, as well, expressed serious concerns about Dawson's conduct with respect to other matters in this litigation, including, for example, Dawson's violation of three separate court orders, Dawson's *ad hominum* attacks on this Court, Dawson's frivolous motions practice, and Dawson's claim to represent individuals with whom he had never spoken (without an apparent professionally reasonable basis for doing so).

On October 13, 2009, Dawson filed the instant motion, asking that he be allowed to provide legal representation to Frank Regalbuto during Frank Regalbuto's meeting with the auditors (*see* Doc. 448), because he is "now legal counsel to Mr. Frank Regalbuto, Sr." (Doc. 470).

**II. ANALYSIS**

Dawson has been disqualified from representation of any party in this case. (Doc. 448.) That determination was unusually straightforward; indeed, this Court almost certainly would have abused its discretion had it *declined* to disqualify Dawson. There is, then, no basis for the Court to grant Dawson's request, as he is still disqualified from providing any representation in this action, and has been since August 28, 2009.

Dawson's request, moreover, indicates that Dawson has been in direct violation of this Court's Order by providing representation to one of the plaintiffs in this action. (Doc. 470 ("I am now legal counsel to Mr. Frank Regalbuto, Sr.").) This is Dawson's fourth violation of an order in this action. It is professionally unreasonable behavior and contemptuous.

Dawson's admission that he represents Frank Regalbuto, Sr. is also of concern, even setting aside for a moment that Dawson was disqualified from the representation of anyone in this action,

2

because it further supports the Smalls' earlier contention that Dawson has been doing just that all along, which is contrary to Dawson's representations to this Court.[2]

### III. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Dawson's Motion to Attend an Interview (Doc. 470).  The Court is forwarding a copy of this Order and its August 28, 2009 Order to both the Supreme Court of Ohio's Office of Disciplinary Counsel and the United States District Court for the Northern District of Ohio's Committee on Complaints and Policy Compliance, to address as they see fit.

**IT IS SO ORDERED.**

                                                               s/Kathleen M. O'Malley
                                                               **KATHLEEN McDONALD O'MALLEY**
                                                               **UNITED STATES DISTRICT JUDGE**

**Dated: October 14, 2009**

---

[2] Indeed, even if one were to believe that Dawson only recently began representing Frank Regalbuto, Sr., which would be difficult to do, Dawson is purporting to <u>now</u> represent a client with materially adverse interests to his <u>former</u> clients.