UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON GORDON, et al., | : | Case No. 1:05-CV-2726 |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY (SPECIAL MASTER RICHARD B. MCQUADE) |
| v. | : | |
| DAVID DADANTE, et al., | : | FINDINGS OF FACT |
| Defendant. | : | |

This case is before the Special Master on the objections of Joe Regalbuto and Frank Regalbuto to the Receiver's proposed interim distribution.

The claimants are victims of a ponzi scheme perpetrated by the defendant, David Dadante. The Receiver was appointed to protect the fund's assets and to pursue the claimant's rights. The Receiver pursued claims and has effected settlements, which were approved by the Court, and the Receiver now seeks to make interim distributions to the claimants.

The Court adopted a "pro rata" distribution method to claimants "that takes into account the total funds invested and the total amount received back from the fund." (Jan. 1, 2010 Opinion & Order, Doc 480 at 4, n.4.) The total net loss of all plaintiffs is determined "by deducting total returns from that investment." (*Id.*)

The Court ordered a "Plan of Distribution From Receivership Estate" ("Plan") which provided, in pertinent part, that the Receiver determine the total amount of money returned to or received by each claimant from the ponzi fund and determine amounts, if any, to be set off or

assessed by the Court against the distribution to the Claimant.

The Plan included the appointment of a Special Master to "make findings, including as to any set-off or assessment [by the Receiver] against a distribution to objecting Claimants accordingly." (Jan. 1, 2010 Plan of Distribution from Receivership Estate, Doc 480-1at § IV.)

## **JOE REGALBUTO'S OBJECTION**

In March 2002, Joe Regalbuto withdrew his investment in the ponzi fund because his participation was prohibited by the Series F Securities License that he obtained. Almost immediately he delivered $315,000.00 to RB Construction Partnership ("RB"), which was invested in the fund. Over the next two years, Joe Regalbuto delivered an additional $175,000.00 to RB, which was invested in the fund. RB is owned by Joe's brother, Michael. For each transaction, Joe Regalbuto received a cognovit note from RB.

In early 2005, Joe Regalbuto left employment in an investment firm, no longer needed his securities license, and effected the return of his loans from R B in return for cancellation of the cognovit notes.

Regalbuto contends that the Receiver erroneously deducted fund distributions made to RB Construction from Regalbuto's investment when the Receiver calculated Regalbuto's net amount invested in the fund.

The Receiver's determination was correct for several reasons. First, Joe Regalbuto's actions were an unvarnished and undisguised attempt to circumvent his securities license restrictions. Although the title to RB's fund investment was with RB Construction, the beneficial owner was Joe Regalbuto. His funds were invested, and the interest rate on the cognovit note was identical to the fund returns and wiped out any gain RB Construction would have received from the fund. Indeed,

2

there is substantial evidence that Joe Regalbuto told witnesses that he never left the fund.

Secondly, RB Construction's fund account was transferred to Joe Regalbuto.  As a result, Regalbuto succeeded in whatever interest was transferred, which includes the infirmity that distributions received are deducted from the original investment when calculating the net amount invested.  The assignee "stands in the shoes of the assignor" and "succeeds to all the rights and remedies of the latter."  *Ford Motor Credit Co. v. Ryan*, Nos. 9-501, 9-555, 10-263, & 10-274, 2010 WL 3783156, at *21 (Ohio App. 10 Dist. Sept. 28, 2010) (quoting *Inter Ins. Exch. of Chicago Motor Club v. Wagstaff*, 59 N.E.2d 373, 375 (Ohio 1945)).  Accordingly, the Receiver correctly subtracted distributions received by RB from Joe Regalbuto's total amount invested.

## FRANK REGALBUTO'S OBJECTIONS

Frank Regalbuto has two objections.  The first is that his net amount invested was reduced, improperly, by distributions received by his wife in a fund originally in her name.  His wife's fund was not, however, cashed out and subsequently reinvested by Frank, but was transferred to Frank.  An assignee takes only such title and rights as the assignor possessed and takes subject to all equities and defenses which could be used against the assignor.  *Id.*

Had the transfer not occurred, the wife's net amount invested would have been reduced by the distributions received.  Frank as assignee is not entitled to a different calculation.

In addition, Frank Regalbuto's objects to the Receiver's set off of $487,720.75 against the distribution he would have received under the Plan.  In addition to all distributions received from Dattore, Frank also received commissions from Dattore for bringing investors to the fund.

It is the total amount of the commissions received by Frank Regalbuto that the Receiver intends to deduct from any distribution that Frank would receive under the Receiver's Plan of

Distribution. Indeed the deduction results in an amount due to the Receiver from Frank.

The Court's Plan of Distribution called for the Receiver to determine the total amount of money received by each claimant "without regard to how any such return or payment may have been characterized, which amount shall be referred to as the net amount invested." (Jan. 1, 2010 Plan of Distribution from Receivership Estate, Doc 480-1 at § II(B).) Arguably payments made to Frank and characterized as commissions could be considered a distribution. The Court's order, however, also empowers the Receiver to offset funds "against individual investors for equitable reasons." (Jan. 1, 2010 Opinion & Order, Doc 480 at 8, n.6.); see generally *Liberte Capital Group, LLC v. Capwill*, 99 Fed.Appx. 627, 633 (6th Cir. 2004) ("A receiver has the powers and duties directly stated within a court's order. He also has any implied powers clearly and reasonably necessary to meet his duties.").

Several facts support the Receiver's determination to offset the commissions from Frank's total amount invested. First, these payments to Frank never purported to be a distribution of gains on investments. It is undisputed that the payments at issue here were commissions for bringing investors into the fund. (Dadante Dep. 11:5-20, Sept. 14, 2007.) Finally, no other investor received any commissions.

To characterize these commission payments as distribution of profit would permit Frank to gain from the very investors that he persuaded to participate in this ponzi scheme. Accordingly, Frank Regalbuto's objections are denied.

    **IT IS SO ORDERED**      <u>**s/ Richard B. McQuade, Jr.**</u>
    **RICHARD B. MCQUADE, JR.**
    **SPECIAL MASTER**

**Dated: October 14, 2010**