## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON GORDON, | ) | |
| | ) | |
| et al., | ) | |
| | ) | No. 1:05 cv 2726 |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Judge Christopher A. Boyko |
| vs. | ) | |
| | ) | |
| DAVID DADANTE, | ) | |
| | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM & ORDER

Before the Court is Mark Dottore's (the "Receiver") November 15, 2013 *Motion for (1) Conditional and (2) Final Approval of a Support Agreement Entered Into With Innotrac Corporation and Blue Eagle Acquisition Sub, Inc.; (3) For Ancillary Orders Effectuating the Support Agreement; and (4) Authorizing the Sale of All Innotrac Corporation Common Stock Held in the Receivership Estate Pursuant to Terms of a Tender Offer Made Pursuant to a Merger Agreement*.  (Doc. 558).  In his Motion, the Receiver asks the Court to approve the Support Agreement between Innotrac and the Receivership Estate and to approve the terms of the Bar Order and Release attached to the Receiver's pleadings as exhibits.

The Support Agreement and ancillary documents results in the sale of all of the outstanding shares of Innotrac Common Stock, except for the "Rollover Shareholders" who are contributing their shares to the Parent company of the Purchaser, pursuant to the terms of a tender offer and Merger Agreement.  Under the terms of the Merger Agreement and tender offer shareholders of Innotrac will receive $8.20 per share for their stock.  For the Receivership Estate, this will result in $35,438,522.00 for the benefit of the victims of the IPOF Fund *Ponzi* scheme and its creditors.

{00533650-1}

For the reasons explained herein, this Court **GRANTS** immediate conditional approval of the terms of the Support Agreement pending further proceedings, orders that a hearing on the Motion for Final Approval be set for 2:00pm on December 17, 2013, and orders that any objections to the request for final approval of the Support Agreement be filed no later than 5:00pm on December 10, 2013.

## I.      Background

This matter has a long and complicated history.  Despite enormous obstacles, the Receiver has gone about his charge to obtain a maximum recovery for the benefit of the Receivership Estate.  Part of that duty has been to maximize the return on a large amount of Innotrac common stock held in the Receivership Estate.  This task has been made difficult by the fact that Innotrac stock trades at an extremely low volume each day.  This means that the stock price can be affected by small amounts of trading, making the stock highly illiquid.  The Receiver, and eventually all parties, recognized that attempting to sell the stock on the open market for any reasonable value was fruitless.  For this reason, the Receiver sought to cooperate with Innotrac management to arrange for the sale of all of the shares of Innotrac to a third-party.

After an exhaustive process, the Receiver and Innotrac management have been able to identify a buyer for the stock and enter into an agreement where the stock will be purchased for $8.20 per share.  No shareholder is receiving any type of control premium on his or her respective shares and the price is the same for the Receivership as for all other shareholders.  This matter has involved complex issues that have involved securities regulation, breach of fiduciary duty, real estate issues, banking law, and numerous actions against financial institutions.  The Receiver has exhaustively pursued the best interests of the Receivership Estate.  Further, the Receiver has been threatened numerous times by various IPOF Fund limited partners, has been the subject of multiple law suits and complaints, but has never abandoned his charge to protect the value of the assets held in the Receivership Estate.  The proposed recovery in this matter is unprecedented and, should this transaction close as contemplated, the Court will take all of these

{00553650-1}

facts and circumstances into consideration when deciding the issue of the reasonable compensation for the Receiver.

## II.    This Support Agreement Appears to Provide Fair Value for the Receivership Estate

This Motion for Conditional Approval is being granted because the Court is tentatively persuaded that this transaction provides more than fair value to the Receivership Estate.  It would not be possible for the Receiver to settle all claims with Innotrac and to obtain fair value for the Innotrac shares absent a transaction of this type.  It is obvious that the Receiver has worked tirelessly with the majority shareholder of Innotrac to bring about this transaction.  On their face, the terms of the transaction appear both fair and reasonable.

The Court does note that, in the past, parties have filed lawsuits against Innotrac related to the IPOF Fund stock manipulation scheme.  For years, the Receiver has stated in pleadings that he finds such claims to be invalid and their prosecution fraught with expense and risk.  (See Docs. 392 and 558).  The Receiver concludes that any assertion of claims against Innotrac would be difficult and extremely expensive, with much uncertainty as to any final result or recovery.  Consequently, given the enormity of the recovery here, the transaction as contemplated by the Receiver in his pleadings is more than fair to the Receivership Estate, its creditors and all IPOF Fund Limited Partners.

## III.    CONCLUSION

The Receivership Estate appears to be on the verge of an extraordinary recovery.  Said recovery would be unheard of in matters of this type and, in this Court's experience, may be one of the largest of its kind involving a fund that was the victim of a *Ponzi* scheme.  The Court finds the Support Agreement reasonable on its face and hereby **GRANTS** the Receiver's Motion for Conditional Approval pending a full and detailed fairness hearing.  THE COURT WILL HOLD A HEARING REGARDING THE RECEIVER'S MOTION FOR FINAL APPROVAL OF THESE TERMS, INCLUDING THE BAR ORDER, AT 2:00 PM ON DECEMBER 17, 2013.  ALL OBJECTIONS MUST BE FILED IN WRITING NO LATER THAN 5:00 PM ON DECEMBER 10, 2013.  ONLY THOSE WHO HAVE

{00553650-1}

FILED WRITTEN OBJECTIONS WILL BE PERMITTED TO SPEAK TO ANY OF THE

OBJECTIONS AT THE HEARING.


   **IT IS SO ORDERED.**

                                                 *s/Christopher A. Boyko*
                                                 **CHRISTOPHER A. BOYKO**
                                                 **UNITED STATES DISTRICT JUDGE**


   **Dated: November 18, 2013**

{00533650-1}