# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHELDON GORDON, et al. | ) CASE NO. 1:05 CV 2726 |
| Plaintiffs, | ) |
| | ) JUDGE CHRISTOPHER BOYKO |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| DAVID DADANTE, et al. | ) JONATHAN D. GREENBERG |
| | ) |
| Defendants. | ) SMALL PARTIES' MOTION TO STAY |
| | ) ORDER DIRECTING DISTRIBUTION |
| | ) OF FEES AND ASSETS (Doc. # 839) |
| | ) PENDING APPEAL |

Pursuant to Fed. R. Civ. P. 62, the Small Parties[1] move the Court for an order staying the July 24, 2018 Order directing the distribution of fees and assets in this matter ("Order," Doc. # 839), pending appeal of the Order. As set forth more fully in the attached memorandum in support, which is fully incorporated herein, a stay is warranted in order to maintain the status quo while allowing the United States Court of Appeals for the Sixth Circuit to rule on the issues in this case. In addition, a stay will cause no harm to the Receiver or other interested parties, and will ensure that the funds in the Receivership estate remain available if the Order is reversed on appeal. For these reasons, the Small Parties respectfully request that the Court grant their motion to stay, and include in the stay order that any funds removed from the Receivership estate by the Receiver since the Order be returned pending the outcome of the appeal.

---

[1] Plaintiffs Cleveland Construction, Inc., Small Brothers Partnership, James W. Small, James Small, Jr., James W. Small, as Parent and Next Friend of N.S., Minor, Jon D. Small, and Mark T. Small (collectively, the "Small Parties").

Respectfully submitted,

/s/ *Amelia Workman Farago*
Michael H. Diamant (0000119)
Amelia Workman Farago (0080260)
Jennifer B. Orr (0084145)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-1824
216-241-2838 (telephone)
216-241-3707 (facsimile)
mdiamant@taftlaw.com
afarago@taftlaw.com
jorr@taftlaw.com

*Attorneys for Cleveland Construction, Inc., Small Brothers Partnership, James W. Small, James Small, Jr., James W. Small as Parent and Next Friend of N.S., Minor, Jon D. Small, and Mark T. Small*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHELDON GORDON, et al. | ) CASE NO. 1:05 CV 2726 |
| | ) |
| Plaintiffs, | ) JUDGE CHRISTOPHER BOYKO |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) JONATHAN D. GREENBERG |
| DAVID DADANTE, et al. | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| Defendants. | ) SMALL PARTIES' MOTION TO STAY |
| | ) ORDER DIRECTING DISTRIBUTION |
| | ) OF FEES AND ASSETS (Doc. # 839) |
| | ) PENDING APPEAL |

Pursuant to the Small Parties[1] motion, the Court should stay the July 24, 2018 Order directing the distribution of fees and assets in this matter ("Order," Doc. # 839.) The Court should further require in the stay order that any Receivership funds removed from the Receivership estate by the Receiver since the Order, be returned to the estate pending the appeal. In the Order, this Court addressed the issue of how to allocate the remaining funds in the Receivership estate, ultimately ruling that the Receiver should receive $777,605.57[2] in fees for 2014-2017, that Receiver's counsel should receive $811,436.41 in fees for that period, and that the Receiver should

---

[1] Plaintiffs Cleveland Construction, Inc., Small Brothers Partnership, James W. Small, James Small, Jr., James W. Small, as Parent and Next Friend of N.S., Minor, Jon D. Small, and Mark T. Small (collectively, the "Small Parties").

[2] As set forth in the Small Parties' Objection to the Report & Recommendation (Doc. # 828, p. 19), the Magistrate Judge's Report and Recommendation stated there were $791,406.57 in unpaid Receiver's fees. (Recommendation, Doc. #826, Page ID # 12255.) But reviewing the *Receiver's Response to the Court's January 8, 2018 Order, Breakdown of Fees Invoices by Receiver and His Counsel*, it appears the Receiver was previously paid all but $221,336.08 of his fee submission. (See Doc. #822-3, Page ID # 11961.) The Court's Order directs the Receiver to "distribute the above fees," which refers to the amount of $777,605.57 for the Receiver. Based on the information available, if the decision is not reversed on appeal, the Receiver should not be paid more than an additional $207,535.08, after accounting for Receiver's fees within the application for the period of 2014-2017, that were already received by the Receiver.

receive "additional compensation in the amount of $2,424,049.42." (Order, Doc. #839, pp. 2; 31.) The Court therefore ordered the Receiver to "distribute the above fees from the assets of the Receivership and . . . to distribute the remainder of the assets of the Receivership on a pro rata basis as previously established to the investors." (*Id*.)

The Small Parties respectfully disagree with the Court's determination that the Receiver—who was appointed for the benefit of the plaintiff- investors—is entitled to enhanced compensation above and beyond the previously-agreed hourly amount, and are appealing that determination. (Notice of Appeal.)  In the meantime, this Court should stay the effect of its Order directing the distribution of fees and assets to maintain the status quo while allowing the United States Court of Appeals for the Sixth Circuit to rule on the unique issue in this case. The requested stay will cause no harm to the Receiver or other interested parties and will ensure that the funds in the Receivership estate remain available if the Sixth Circuit finds that this Court erred.

## LAW AND ARGUMENT

The Court can issue a stay of its Order pending appeal under Rule 62(a) of the Federal Rules of Civil Procedure, which allows for a stay of "an interlocutory or final judgment in an action for . . . a receivership." Fed. R. Civ. P. 62(a)(1) .[3] Courts in the Sixth Circuit review four factors when evaluating a motion for stay pending appeal: "(1) the likelihood that the party seeking the

---

[3] Rule 62(d)'s supersedeas bond provision is inapplicable to motions for stay pending appeal that involve receiverships. *See* Fed. R. Civ. P. 62(d) ("[T]he appellant may obtain a stay by supersedeas bond, *except in an action described in Rule 62(a)(1) or (2)* . . .") (emphasis added).  But even if that were not the case, any bond requirement should still be waived here.  The Sixth Circuit has noted that "[f]ive criteria" guide a district court's decision to waive a bond requirement. *NCUA Bd. v. Zovko*, No. 17-3716/3750, 2017 U.S. App. LEXIS 20007, at *2 (6th Cir. Oct. 12, 2017).  Those criteria include: (1) the "complexity of the collection process"; (2) the "amount of time required to obtain a judgment after it is affirmed on appeal"; (3) the "degree of confidence that the district court has in the availability of funds to pay the judgment"; (4) "whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money"; and (5) "whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id.* (citations omitted).  Here, there is no risk that the distribution will not be paid, and there will be no complexity to the collection process.  Indeed, if a stay is issued and the status quo is maintained, the funds will stay under the Court's control during the pendency of the appeal.

stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *SEIU Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012); *see also Simcox v. Simcox*, No. 1:07cv096, 2007 U.S. Dist. LEXIS 54231, at *1-2 (N.D. Ohio July 26, 2007) (Boyko, J.) (applying same factors). These factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).[4]

### I. The Small Parties are Likely to Prevail on the Merits of the Appeal.

As to the first factor, the Small Parties recognize that "[n]o court," including this Court, "is likely to find that an appellant has a high probability of succeeding on the merits of an appeal from its own judgment." *Abercrombie & Fitch Co. v. ACE European Grp. Ltd.*, No. 2:11-cv-1114, 2014 U.S. Dist. LEXIS 140040, at *27 (S.D. Ohio Sept. 30, 2014). Still, a "probability of success is somewhat misleading language; the Sixth Circuit said it better when it said that the movant need only demonstrate 'serious questions going to the merits.'" *Id.* (citing *Griepentrog*, 945 F.2d at 153). When there are "important legal issue[s] with a great deal of money at stake" and when "both sides of th[e] case [are] asserting valid legal arguments," this factor can weigh in favor of granting a stay. *See id.* Likewise, when a case presents "questions of law [that] are issues of first impression in this Circuit," a party may carry "its burden to show serious questions going to the merits of th[e] appeal" that "weigh[] in favor of granting the stay." *Vill. Green I, GP v. Fannie Mae*, No. 14-2351, 2014 U.S. Dist. LEXIS 78536, at *14-15 (W.D. Tenn. June 10, 2014).

That is the case here. This case presents important legal issues, where, as the Court noted, caselaw is lacking, and that implicate "a great deal of money." *See id.*; *Abercrombie*, 2014 U.S.

---

[4] Because this Court is familiar with the procedural background of this case (Order, Doc. # 839, pp. 3-6), the Small Parties will not restate that background here.

3

Dist. LEXIS 140040, at *27; see e.g. (Order at p. 15.)  This Court's ruling on the significant legal issue—which grapples with the very purpose of receivers, and which has the potential to have far reaching effects—has a direct effect on the defrauded plaintiff-investors in this case, implicating millions of dollars. (*Id.* at 31) (directing the distribution of $777,605.57 in Receiver fees, bonus compensation of $2,424,049.02 to the Receiver, as well as $811,436.41 in compensation to his counsel).  This Court should stay the effect of its Order to allow the Sixth Circuit to rule on the unique and significant legal issues.

What is more, even though this Court was not ultimately persuaded by the Small Parties' arguments, the Small Parties asserted "valid legal arguments" that raise "serious questions going to the merits of the appeal." *Abercrombie*, 2014 U.S. Dist. LEXIS 140040, at *27.  To begin with, the Small Parties' raised the valid argument that, because this Receiver was appointed for the benefit of the plaintiff-investors, the Receiver is not entitled to anything more than the previously-agreed reasonable compensation, and there is no right to a bonus or lodestar fee enhancement from funds that would otherwise belong to the beneficiaries of the Receivership estate. Ample case law supports the Small Parties' argument that a bonus is inconsistent with the purpose of a receivership. *See, e.g.*, *SEC v. W.L. Moody Co., Bankers*, 374 F. Supp. 465, 483 (S.D. Tex. 1974). ("No receivership is intended to generously reward court-appointed officers[.]").  A "receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets." *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006); *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 795 (6th Cir. 2009) (noting that the "purpose of a receiver" is "to marshal the receivership entities' assets . . . so that the assets may be *distributed to*

4

*the injured parties* in a manner the court deems equitable") (emphasis added).  It is not a self-serving role.

The Small Parties raised additional valid legal arguments that, even if *some* of the remaining funds could be allocated to the Receiver, the amount that the Magistrate Judge (and, subsequently, this Court) allocated was unwarranted and is not supported by law.  For instance, the Small Parties noted that the Receiver submitted vague, block-billed time entries.  (Objections to Fee Application, Doc. # 807, p. 4.)  The Receiver and his counsel sought fees for activities that fell outside of the scope of preserving the Receivership's assets, including seeking fees directly related to research, drafting, and argument for a success fee, and which were not sufficiently reduced by the Recommendation and Order  (*Id.* at 5; Objections to Report & Recommendation, Doc. #828, pp. 18-19; Response to Receiver's Objections to Magistrate Judge's Report & Recommendation, Doc. #836, pp. 5-6.)  The additional compensation awarded to the Receiver is above the reasonable rate for receivers in this area.  (*Id.* at 7.)  And the lodestar analysis applied by the Magistrate Judge and this Court is improper, resulting in a windfall to the Receiver.  (Objections to Report & Recommendation, Doc. # 828, pp. 1-6.)

In short, the Small Parties raised serious questions regarding the merits as to both the availability of bonus compensation for receivers, the amount of bonus compensation to the Receiver in this case, and the amount of fees awarded to Receiver and Receiver's counsel.  Given the unprecedented nature of the Order, and given that the result implicates millions of dollars that could otherwise benefit the plaintiff-investors, this factor weighs in favor of a stay pending appeal.

## II. Absent a Stay, the Small Parties Could be Irreparably Harmed.

The next factor is the likelihood that the moving the party will suffer irreparable harm if the Court does not enter a stay.  Here, that harm is apparent.  As stated above, there is, at least, a

serious question to the merits of whether the Receiver is entitled to the $2.4 million in bonus compensation and all of the other fees he and his counsel were awarded. But once that compensation is distributed to the Receiver and counsel, there will no longer be oversight of those funds. Without such oversight, there is no guarantee that the funds will still be available to be allocated in accordance with the outcome of the appeal, after the months-long appeal process. *Cf. Norwest Bank Wis., N.A. v. Malachi Corp.*, 245 F. App'x  488, 492 (6th Cir. 2007) (noting the possibility that the district court's order determining "the manner in which certain receivership assets should be distributed" could render those assets "unrecoverable" absent an interlocutory appeal). If the Small Parties prevail, a court order requiring the Receiver to return the funds after such a passage of time will be insufficient if the funds are otherwise dissipated or placed beyond reach. The Small Parties continue to maintain that the $2.4 million bonus amount, and any fees not properly supported by the Receiver and his counsel, properly belong to the plaintiff-investors. This Court should issue a stay so that those plaintiff-investors are not once more deprived of funds that are rightfully theirs.

### III. Other Parties Will Not be Harmed if this Court Issues a Stay and Preserves the Status Quo.

As to the third factor, issuing a stay will cause no harm to the Receiver or any other party. In this case, the Receiver set his own rates for the receivership work of marshaling the assets for the benefits of the IPOF Fund plaintiff-investors. Those agreed hourly rates were billed and collected, and were clearly sufficient to induce him to undertake the case. Requiring the Receiver to wait until an appeal is exhausted to receive an unexpected bonus and remaining fees for the Receiver and his counsel will not cause harm that warrants denying the stay. *See Village Green*, 2014 U.S. Dist. LEXIS 78536, at *13-14 (W.D. Tenn. June 10, 2014) (granting stay pending appeal and finding that the party opposing stay will not suffer harm because "[t]he stay will preserve the

status quo" and the party opposing the stay will still "receive the benefit of its bargain" despite the stay).  Rather, entering a stay will simply preserve the status quo while issues in this case are sorted out on appeal, and if the Court of Appeals affirms this Court's decision, the funds will be available to the Receiver.  *See id.*; *see also Abercrombie & Fitch*, 2014 U.S. Dist. LEXIS 140040, at *28-29 (granting stay "preserving the status quo" and noting that "[u]ltimately, if this Court's decision is upheld, [the party opposing the stay] will be reimbursed"); *Countrywide Home Loans, Inc. v. McDermott*, No. 5:09mc82, 2009 U.S. Dist. LEXIS 93456, at *15 (N.D. Ohio Oct. 7, 2009) (Lioi, J.) (finding "that a stay is necessary to preserve the status quo while the Court undertakes the necessary analysis of the issues in the bankruptcy appeal").  Given that the Receiver has gone 13 years without an unexpected bonus, and has already been well compensated at his agreed hourly rate, waiting until an appeal is exhausted will not inflict any harm.  *See United States v. Salti*, No. 1:96cv153, 2008 U.S. Dist. LEXIS 10359, at *4-5 (N.D. Ohio Jan. 29, 2008) (Economus, J.) ("Petitioners assert, and the Court agrees, that because the monies in the account have been frozen for more than ten years to this point there is no reason to believe that the Government will be harmed if the status quo is maintained until after the appeal.").

**IV.     The Public Interest Favors a Stay.**

As a final matter, the public interest favors a stay in this case.  What happened to the plaintiff-investors here could happen to anyone.  Now, significant questions remain as to whether they will be deprived of additional funds to which they are entitled.  Just as the public interest favors "ascertaining liability first and requiring parties to pay once determined legally responsible," *Abercrombie*, 2014 U.S. Dist. LEXIS 140040, at *29, the public interest also favors ascertaining who is entitled to distributions first and requiring funds to be disbursed only once the final determination is made on appeal.

## CONCLUSION

For the reasons stated above, the Small Parties respectfully request that this Court issue a stay of the July 24, 2018 Order directing distribution of funds in the Receivership.

/s/ *Amelia Workman Farago*
Michael H. Diamant (0000119)
Amelia Workman Farago (0080260)
Jennifer B. Orr (0084145)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-1824
216-241-2838 (telephone)
216-241-3707 (facsimile)
mdiamant@taftlaw.com
afarago@taftlaw.com
jorr@taftlaw.com

*Attorneys for Cleveland Construction, Inc., Small Brothers Partnership, James W. Small, James Small, Jr., James W. Small as Parent and Next Friend of N.S., Minor, Jon D. Small, and Mark T. Small*

### **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2018, the foregoing was filed electronically.  Notice of this filing will be sent to all relevant parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

The foregoing was also served by regular U.S. Mail on the following:

| | |
|---|---|
| SANDRA J. ALTOMONDO<br>644 Miner Rd.<br>Highland Hts., OH 44143 | FRANK LARICCIA, JR.<br>5130 Parkside Trail<br>Solon, OH 44139 |
| NANCY J. AMANTEA<br>140 Fox Hollow Drive, Apt. 307<br>Mayfield Heights, OH  44124 | DONALD LOMBARDO<br>511 Jeannette Dr.<br>Richmond Hts., OH 44143 |
| GEORGE W. BOSTICK, IV<br>3425 Courtland Road<br>Beachwood, OH  44122 | CAROL LONGO<br>3200 N. Hwy. A1A, #1204<br>Fort Pierce, FL  34949-8844 |
| LINDA M. BROWN<br>489 East 319th Street<br>Willowick, OH 44095 | ANTHONY LORELLO<br>8110 Sandstone Dr.<br>Sagamore Hills, OH 44067 |
| C.C.A.G. LTD.<br>1110 Euclid Ave., Ste 300<br>Cleveland, OH 44115 | BARBARA RUSSELL MELZER<br>6 Scofield Place<br>Westport, CT  06880 |
| MARY CIRICILLO<br>1714 Sunningdale Rd.<br>Mayfield Hts., OH  44124 | MINOTTI FAMILY LTD. PTSHP.<br>784 Village Trail<br>Gates Mills, OH 44040 |
| DAVID A. DADANTE<br>4630 Jefferson Lane<br>Cleveland, OH 44143 | JAMES MITCHELL<br>11511 Heath Rd.<br>Chesterland, OH 44026 |
| MARY D'ANGELO<br>1913 East 123rd Street<br>Cleveland, OH 44106 | ROBERT A. MONTANARI<br>7632 Westlake Boulevard<br>Kent, OH 44240 |
| E & J INVESTMENTS<br>2630 Payne Avenue<br>Cleveland, OH 44114 | BASIL PERIN, JR.<br>12060 Parker Drive<br>Chesterland, OH 44026 |

ESTATE OF PAUL PERROTTI
c/o Timothy A. Boyko
7393 Broadview Rd., Suite A
Seven Hills, OH 44131

DAN PETRICH
6220 Inland Shores Drive
Mentor, OH 44060

PILLA LIMITED PARTNERSHIP
5797 Pinehurst Court
Highland Hts., OH 44143

GREGORY A. POLAN
Address unknown

BONITA QUAGLIATA
408 Muirfield Dr.
Highland Hts., OH 44143

JOHN QUAGLIATA
540 Riverview Rd.
Gates Mills, OH 44040

QUAGLIATA'S RESTAURANT
c/o Giovanni's Restaurant
25550 Chagrin Boulevard
Beachwood, OH 44122

FRANK REGALBUTO
797 Village Trail
Gates Mills, OH 44040

THOMAS V. RODAK
1830 Skyline Drive
Richmond Hts., OH 44143

JANE K. RUSSO
1930 Gulf Shore Blvd
Naples, FL 34102

RONALD A. RUSSO
1930 Gulf Shore Blvd.
Naples, FL 34102

RAY SCIUVA
1070 Meade Avenue
San Diego, CA 92116-1037

THERESA SCIUVA
37455 Fox Run
Solon, OH 44139

ALBERT THOMAS SKINNER
1435 Bethlehem Rd.
Paris, KY 40361

BETTY SUSTERSIC
Address unknown

TED TERESCZUK TRUST
421 Ravine Drive
Aurora, OH 44202

/s/ *Amelia Workman Farago*
Amelia Workman Farago (0080260)

*Attorneys for Cleveland Construction, Inc., Small Brothers Partnership, James W. Small, James Small, Jr., James W. Small as Parent and Next Friend of N.S., Minor, Jon D. Small, and Mark T. Small*